IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWYNNE A. WILCOX,<br>    *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>and<br><br>MARVIN E. KAPLAN, in his official capacity as Chairman of the National Labor Relations Board,<br><br>    *Defendants*. | Case No. 1:25-cv-00334-BAH |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE**

  Pursuant to Local Civil Rule 7(h), the plaintiff hereby provides the following statement of material facts as to which there is no genuine issue:

  1. Ms. Wilcox was confirmed by the U.S. Senate as a member of the National Labor Relations Board on July 28, 2021. Roll Call Vote on the Nomination of Gwynne A. Wilcox to be a Member of the National Labor Relations Board, 117th Cong., July 28, 2021.

  2. The U.S. Senate confirmed her for a second term of five years on September 6, 2023. Roll Call Vote on the Nomination of Gwynne A. Wilcox to be a Member of the National Labor Relations Board, 118th Cong., Sept. 6, 2023.

  3. On January 27, 2025, at 10:38 PM ET, more than three years before her term expires, Ms. Wilcox received a letter, sent by email "on behalf of" President Trump. Wilcox Decl. Ex. A,

at 1. The letter stated that Ms. Wilcox is "hereby removed from the office of Member[] of the National Labor Relations Board."[1]

4.     The letter does not identify any neglect of duty or malfeasance in office committed by Ms. Wilcox. Wilcox Decl. Ex. A. Nor has the President informed Ms. Wilcox in any other way that he believes she has committed any neglect of duty or malfeasance. Wilcox Decl. ¶ 3.

5.     Ms. Wilcox was not provided advance notice or a hearing. Wilcox Decl. ¶ 4.

6.     The letter states that although the National Labor Relations Act prohibits removal of Board members except for "neglect of duty or malfeasance in office," the President views this restriction as "inconsistent with the vesting of the executive Power in the President and his constitutional duty to take care that the laws are faithfully executed." Wilcox Decl. Ex. A, at 1 n.1. The letter states that in his view, therefore, the statutory limitation on removal "does not operate as a restriction on [his] ability to remove Board members." *Id.*

Dated: February 10, 2025          Respectfully submitted,

/s/ *Deepak Gupta*

Deepak Gupta (D.C. Bar No. 495451)
Matthew W.H. Wessler (D.C. Bar No. 985241)
Gregory A. Beck (D.C. Bar No. 494479)
**GUPTA WESSLER LLP**
2001 K Street, NW
Washington, DC 20006
(202) 888-1741

---

[1] Ms. Wilcox received the letter at 10:38 PM Eastern Time on January 27. Wilcox Decl., Ex. A. The copy of the letter attached as an exhibit to the complaint is a version procured from the government through FOIA and filed in another lawsuit. That copy has a timestamp of January 28, 3:38 AM, but the same text. It appears that the sender may have been in a different time zone. In any event, the small difference in time is irrelevant to the motion for partial summary judgment.

Jennifer D. Bennett*
**GUPTA WESSLER LLP**
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

* motion to appear *pro hac vice* forthcoming

*Attorneys for Plaintiff Gwynne A. Wilcox*