IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWYNNE A. WILCOX,<br>          *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>and<br><br>MARVIN E. KAPLAN, in his official capacity as Chairman of the National Labor Relations Board,<br><br>          *Defendants*. | Case No. 1:25-cv-00334-BAH |

**JOINT RESPONSE TO THE COURT'S FEBRUARY 10, 2025 ORDER REGARDING AN EXPEDITED BRIEFING SCHEDULE**

The parties submit this joint response to the Court's February 10, 2025 order requesting a proposed expedited briefing schedule. The parties conferred on a schedule, but could not come to an agreement. Each party's position is therefore set forth below.

<u>Ms. Wilcox's Position</u>

Ms. Wilcox proposes that the Government's opposition be due February 18, 2025, and her reply be due Thursday, February 20, 2025.

Because the motion for expedited summary judgment is in lieu of a preliminary injunction, Ms. Wilcox requests that the Court hear the motion on the same schedule that it would hear a preliminary injunction. She therefore proposes that the Government's opposition be due in 7 days, on February 18, 2025, which is the same deadline as would be required for a preliminary injunction motion. Local Rule 65.1(c). And to facilitate the Court's expedited consideration, Ms. Wilcox proposes that she file her reply just two days later, on February 20, 2025.

This expedition is necessary because of the ongoing harm to Ms. Wilcox, the National Labor Relations Board, and the public. As explained in more detail in the memorandum in support of the motion for expedited summary judgment (at 11-13), every day that Ms. Wilcox is unable to receive relief, not only is she unable to perform her duties as a member of the NLRB, but the NLRB is unable to function at all. Absent Ms. Wilcox, the NLRB lacks a quorum. Mem. Supp. Expedited Summ. Jdgmt. 11. And so it cannot fulfill its statutory mandate. *Id.* It cannot, for example, adjudicate charges of unfair labor practices. *Id.* at 11-13. It cannot ensure that union elections are resolved with certainty. *Id.* at 12. The "irreparable nature of this injury is evident by [this] obviously disruptive effect." *Berry v. Reagan*, 1983 WL 538, at *5 (D.D.C. Nov. 14, 1983).

Ms. Wilcox has moved for expedited summary judgment rather than a preliminary injunction because the facts in this case are straightforward and not subject to dispute. But the evident, irreparable harm she and the public are suffering merits expedited relief. Ms. Wilcox therefore requests that this Court hear her motion for expedited summary judgment on the same schedule as it would a preliminary injunction, with the Government's opposition due February 18, and her reply due on February 20.

<u>Defendants' Position</u>

Pursuant to this Court's February 10, 2025 minute order, the parties met and conferred to discuss a summary judgment briefing schedule. Defendants proposed that they file their combined brief in opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment on or before March 10, 2025. This date is four weeks from the date that Plaintiff filed her motion for summary judgment. Defendants believe this is reasonable amount of time given the complexity of the issues in this case. After hearing out Plaintiff's views and in the spirit of accommodating Plaintiff's desire for a more condensed schedule, Defendants then proposed a shorter alternative in which their combined opposition brief and cross-motion for summary

judgment would be due on or before March 3, 2025. However, the parties could not reach an agreement regarding a proposed summary judgment briefing schedule. In light of this, Defendants propose the following schedule:

- Defendants' combined brief in opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment is due on or before either March 10, 2025, or March 3, 2025 (or any date in between if the Court is so inclined); and

- Defendants file a reply brief in support of their cross-motion for summary judgment on a timetable commensurate with the amount of time Plaintiff has for her combined brief in opposition to Defendants' cross-motion for summary judgment and reply in support of her motion for summary judgment.

Dated: February 11, 2025                              Respectfully submitted,

                                                      */s/ Deepak Gupta*

                                                      Deepak Gupta (D.C. Bar No. 495451)
                                                      Matthew W.H. Wessler (D.C. Bar No. 985241)
                                                      Gregory A. Beck (D.C. Bar No. 494479)
                                                      **GUPTA WESSLER LLP**
                                                      2001 K Street, NW
                                                      Washington, DC 20006
                                                      (202) 888-1741

                                                      Jennifer D. Bennett*
                                                      **GUPTA WESSLER LLP**
                                                      505 Montgomery Street
                                                      San Francisco, CA 94111
                                                      (415) 573-0335

                                                      * motion to appear *pro hac vice* forthcoming

                                                      *Attorneys for Plaintiff Gwynne A. Wilcox*

BRETT A. SHUMATE
*Acting Assistant Attorney General*

CHRISTOPHER R. HALL
*Assistant Branch Director*

/s/ *Madeline M. McMahon*
MADELINE M. MCMAHON
(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, I electronically filed the foregoing briefing schedule with the Clerk of the Court for the U.S. District Court for the District of Columbia by using the CM/ECF system. All participants not served by the CM/ECF system have been served in accordance with FRCP 5 and LCvR 5.4(d). A paper copy of the foregoing briefing schedule has been served on each defendant, the Attorney General, and the United States Attorney for the District of Columbia. In addition, the briefing schedule has been emailed to the service email address provided by the United States Attorney for the District of Columbia, the Civil Chief of the United States Attorney's Office of the District of Columbia, and the Assistant Directors for the Federal Programs Branch of the Department of Justice.

February 11, 2025  /s/ *Deepak Gupta*

Deepak Gupta (D.C. Bar No. 495451)