IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWYNNE A. WILCOX,<br>    *Plaintiff*,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>  and<br><br>MARVIN E. KAPLAN, in his official capacity as Chairman of the National Labor Relations Board,<br>    *Defendants*. | Case No. 1:25-cv-00334-BAH |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Earlier today (following a hearing held yesterday), Judge Contreras entered summary judgment in favor of Cathy Harris, a member of the Merit Systems Protection Board who, like Ms. Wilcox, was illegally removed from office. *See* Mem. Op., *Harris v. Bessent*, No. 25-0412 (D.D.C. March 3, 2025) (Contreras, J.) (Exhibit 1). The decision closely follows another judgment, issued by Judge Jackson on Saturday, in favor of Special Counsel Hampton Dellinger. *See* Mem. Op., *Dellinger v. Bessent*, No. 25-0385 (D.D.C. March 1, 2025) (Jackson, J) (Exhibit 2). In each case, the Court upheld the constitutionality of statutes limiting removal of independent-agency heads to cases of inefficiency, neglect of duty, or malfeasance in office, awarding both declaratory and injunctive relief. *See Harris* Op. at 1; *Dellinger* Op. at 4.

  **1.** In *Harris*, the Court agreed with the plaintiff that the President's removal of a member of the independent MSRB fell "squarely within the heartland of *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), and its progeny." *Harris* Op. at 7. The Court rejected the government's reliance on *Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197, 218 (2020),

and *Collins v. Yellen*, 594 U.S. 220, 253 (2021), holding that "[n]either … undermines the constitutionality of for-cause removal provisions for multimember bodies of experts heading an independent agency." *Harris* Op. at 9–10. On the contrary, *Seila Law* "reaffirmed the constitutionality of multimember boards with for-cause removal protections, as those agencies have a robust basis in this country's history, and their members lack the power to act unilaterally." *Id.* at 10–11. Likewise, *Collins* was just a "'straightforward application' of the Court's 'reasoning in *Seila Law*.'" *Id.* at 11. Because, like the MSRB, the NLRB is a traditional multi-member board, *Humphrey's Executor* likewise squarely applies here and dictates that Ms. Wilcox is entitled to prevail on the merits of her claim. *See Seila Law*, 591 U.S. at 207.

**2.** The decisions in *Harris* and *Dellinger* also hold, based on binding D.C. Circuit precedent, that declaratory and injunctive relief are appropriate remedies in circumstances like these. Both decisions reject the argument that federal courts lack the power to issue declaratory relief. *See Harris* Op. at 18–19; *Dellinger* Op. at 55–56. And although the decisions agree with the government that this Court cannot directly enjoin the President, they conclude that a court *does* have authority—under controlling D.C. Circuit precedent—to direct "other defendants, executive branch officials, to refrain from interfering with [the plaintiff's] status and activities." *Dellinger* Op. at 56–57 (citing *Swan v. Clinton*, 100 F.3d 973, 980 (D.C. Cir. 1996); *Severino v. Biden*, 71 F.4th 1038, 1042–43 (D.C. Cir. 2023)); *Harris* Op. at 22–23 (same). These holdings are directly applicable here. Like Ms. Harris and Mr. Dellinger, Ms. Wilcox seeks a declaratory judgment and an injunction directing an executive branch official (other than the President) "to refrain from taking any further action to obstruct Ms. Wilcox's ability to carry out her duties." Compl. at 7. As in *Dellinger*, that "is an order the Court has power to issue." *Dellinger* Op. at 56.

The analyses of the permanent-injunction factors in these cases are also right on point. *First*, both decisions conclude that the plaintiffs had demonstrated irreparable harm and lack of an adequate remedy at law because their removals deprived them of the ability to fulfill their statutory duties—"a loss that can never be restored." *Dellinger* Op. at 61; *see also Harris* Op. at 29. The plaintiffs also suffered irreparable harm to their statutorily guaranteed independence. Here, as in *Harris*, an agency's "independence would evaporate if the President could terminate its members without cause, even if a court could later order them reinstated." *Harris* Op. at 28.[1]

Rejecting an argument identical to the government's in this case, both decisions conclude that "deprivation of [the] statutory right to function" isn't comparable to "the loss of income or embarrassment involved in the typical employment action, for which there are remedies that do not involve equitable relief." *Dellinger* Op. at 62; *Harris* Op. at 30. For that reason, both courts found unpersuasive the government's reliance on *Sampson v. Murray*, 415 U.S. 61, 83 (1974). *See Dellinger* Op. at 62–63; *Harris* Op. at 29–30. Likewise, the President's nakedly illegal removal of an NLRB member without cause or explanation constitutes the "extraordinary circumstances" that *Sampson* requires. *Dellinger* Op. at 62–63; *Harris* Op. at 29.

*Second*, the decisions find that the balance of hardships and the public interest support a permanent injunction. Both *Harris* and *Dellinger* disagreed with the government that an injunction would pose a significant threat to the President's Article II power, holding that, under binding precedent, the President had no authority to remove the Special Counsel in the first place. *Dellinger* Op. at 65; *Harris* Op. at 31–32 (noting that this "argument largely relies on Defendants' success on

---

[1] In *Harris*, the Court noted that the plaintiff had suffered this "injury to [her] independence in her capacity as a member of the MSPB." *Harris* Op. at 28. Although Ms. Wilcox's complaint doesn't specify whether her claim is brought in her personal or official capacity, the claim is best understood—to the extent it matters—as being brought in both. *See Atchinson v. D.C.*, 73 F.3d 418, 425 (D.C. Cir. 1996).

3

the merits"). The same is true here: Since *Humphrey's Executor* was decided ninety years ago, the law has been clear that Congress has the power to limit removal of the heads of traditional, multi-member boards and commissions. *See Seila Law*, 591 U.S. at 207. An order that enjoins the use of a removal power never before claimed by any President is not a substantial infringement on executive branch authority. "On the other side of the equation," the Court in *Dellinger* found that preserving the Special Counsel's important role would advance a significant public interest. *Dellinger* Op. at 65–66; *Harris* Op. at 31 ("[T]here [is] a substantial public interest in the for-cause removal protections Congress has given to certain members of independent agencies."). Again, that is also true in this case. By depriving the NLRB of a quorum, Ms. Wilcox's removal brought the agency's critical work for employers, employees, and the general public to an immediate and indefinite halt. These serious harms "far outweigh any harms identified by the defendants." *Dellinger* Op. at 66.

Finally, *Harris* also held, in the alternative, that "a writ of mandamus would be appropriate if such injunctive relief were unavailable." We respectfully request that this Court do the same. "[A] request for an injunction based on the general federal question statute is essentially a request for a writ of mandamus in this context." *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996).[2]

---

[2] A district court has "original jurisdiction of any action in the nature of mandamus" if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to [the] plaintiff." *In re Nat'l Nurses United*, 47 F.4th 746, 752 n.4 (D.C. Cir. 2022). The first two requirements are satisfied here because an unambiguous statute and ninety years of Supreme Court precedent make the plaintiff's right to relief and the defendants' duty to act "clear and indisputable." *Harris* Op. at 33. If injunctive relief is unavailable, the third factor is also satisfied. *Id.* at 33–34.

Dated: March 4, 2025                          Respectfully submitted,

/s/ Deepak Gupta

Deepak Gupta (D.C. Bar No. 495451)
Matthew W.H. Wessler (D.C. Bar No. 985241)
Gregory A. Beck (D.C. Bar No. 494479)
GUPTA WESSLER LLP
2001 K Street, NW
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett*
GUPTA WESSLER LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

* admitted *pro hac vice*

*Attorneys for Plaintiff Gwynne A. Wilcox*