IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GWYNNE A. WILCOX,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP and<br>MARVIN KAPLAN<br><br>*Defendants*. | Civil Action No. 1:25-cv-00334-BAH |

**DEFENDANTS' MOTION TO STAY THE COURT'S ORDER PENDING APPEAL**

Plaintiff Gwynne A. Wilcox filed this action on February 5, 2025, ECF No. 1, challenging the President's decision to remove her as a Member of the National Labor Relations Board ("NLRB") on January 27, 2025. On February 10, 2025, Plaintiff filed a Motion for Expedited Summary Judgment, ECF No. 10. On March 6, 2025, the Court issued a memorandum opinion and order granting Plaintiff's motion for summary judgment and denying Defendants' cross-motion for summary judgment. ECF Nos. 34, 35. Specifically, the Court: (1) declared "that the termination of plaintiff Gwynne A. Wilcox was unlawful, in violation of the National Labor Relations Act, 29 U.S.C. § 153(a), and therefore null and void"; (2) declared "that plaintiff Gwynne A. Wilcox remains a member of the" NLRB" and "she may be removed by the President prior to expiration of her term only 'upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause,' pursuant to 29 U.S.C. § 153(a)"; (3) ordered "that plaintiff shall continue to serve as a member of the NLRB until her term expires pursuant to 29 U.S.C. § 153(a), unless she is earlier removed" under the statutory requirements; (4) enjoined Defendant Marvin Kaplan, "as well as his subordinates, agents, and employees," "from removing plaintiff from her office without cause or in any way treating plaintiff as having been removed from office, from impeding in any way her ability to fulfill her duties as a member of the NLRB, and from denying or obstructing her authority or access to any benefits or resources of her

1

office"; and (5) ordered that Defendant Kaplan and his "subordinates, agents, and employees provide plaintiff with access to the necessary government facilities and equipment so that she may carry out her duties during her term as a member of the NLRB." ECF No. 34 at 1-2.

This relief constitutes an extraordinary intrusion into the President's authority. Accordingly, Defendants have now appealed the Court's order and intend to request a stay pending appeal from the United States Court of Appeals for the D.C. Circuit. Out of an abundance of caution to ensure compliance with Federal Rule of Appellate Procedure 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."), Defendants respectfully move the Court to stay its order pending appeal.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, these factors weigh decisively in favor of a stay.

First, Defendants have made a "strong showing" that they are likely to succeed on the merits. The Supreme Court has made clear—twice, and recently—that Article II precludes Congress from placing limits on the President's authority to remove principal officers of the United States who exercise executive power. *Collins v. Yellen*, 594 U.S. 220 (2021); *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020). Here, Plaintiff does not dispute that the NLRB exercises substantial executive power, acknowledging it plays a "critical role" in settling labor disputes involving "workers, employers, and the broader public." *See* Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") at 2, ECF No. 10.

In addition, "[a]n injunction preventing the President from firing an agency head—and thus controlling how he performs his official duties—is virtually unheard of." *Dellinger*, 2025 WL 559669, at *14 (Katsas, J., dissenting). The relief entered by this Court "necessarily targets the President—the only official with the statutory and constitutional authority to appoint, remove, and supervise," here, a Member of the NLRB. *Id.* at *13 n.2. It also exceeds the scope of the Court's equitable powers. Federal courts' equitable authorities are those traditionally available to a court sitting in equity at the

Founding, *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318 (1999), and the Supreme Court has long held that a court cannot, "by injunction, restrain an executive officer from making a wrongful removal of a subordinate appointee, nor restrain the appointment of another." *White v. Berry*, 171 U.S. 366, 377 (1898).

Second, the balance of equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that these factors merge in cases involving the government). As a result of the Court's order, a person the President has chosen to remove from office is exercising executive power over the President's objection, a harm that is transparently irreparable. Her actions as a Member on the NLRB, moreover, will be performed under a cloud of uncertainty, and will be potentially void in the event that this Court is later reversed on appeal.

Conversely, Plaintiff has not established that she will suffer irreparable harm if the Court's order is stayed pending appeal. Challenges to removals have historically been litigated through suits for back pay, not reinstatement. *See, e.g.*, *Humphrey's Executor v. United States*, 295 U.S. 602, 618 (1935). The NLRB's ability to function could be accomplished by means other than reinstating Plaintiff—namely, by having the President appoint other Members to the Board, establishing a quorum.

A stay is particularly warranted because the D.C. Circuit granted the government's motion for a stay pending appeal of the district court's award of declaratory and injunctive relief in *Dellinger v. Bessent*, No. 25-5052 (D.C. Cir. Mar. 5, 2025). There, like here, the district court had declared that the President had unlawfully removed a principal executive officer and granted an injunction requiring various government officials to reinstate the removed officer. See Order, *Dellinger v. Bessent*, No. 1:25-cv-385-ABJ, ECF No. 33 (D.D.C. Mar. 1, 2025). But the D.C. Circuit stayed the order and "g[ave] effect to the removal of [the officer] from his position" pending briefing on the merits. Order, *Dellinger v. Bessent*, No. 25-5052 (D.C. Cir. Mar. 5, 2025). In holding that the government had "satisfied the stringent requirements for a stay pending appeal," *id.* at 1, the D.C. Circuit necessarily determined that the government had made a strong showing that it would succeed on the merits of its appeal in *Dellinger* and that the relief awarded would cause irreparable injury to the government. *Nken*, 556 U.S. at 434 ("The first two factors of the traditional standard are the most critical."). The D.C. Circuit's order

3

thus counsels against issuance of the relief Plaintiff seeks here, particularly because there is no plausible basis to distinguish the relief awarded here from the relief stayed in *Dellinger*.

For these reasons, the Court should grant a stay of its order pending resolution of Defendants' appeal.

Dated: March 7, 2025　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　YAAKOV M. ROTH
　　　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER R. HALL
　　　　　　　　　　　　　　　　　　　　　　Assistant Branch Director

　　　　　　　　　　　　　　　　　　　　　　HARRY S. GRAVER
　　　　　　　　　　　　　　　　　　　　　　Counsel to Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　　*/s/ Alexander W. Resar*
　　　　　　　　　　　　　　　　　　　　　　ALEXANDER W. RESAR
　　　　　　　　　　　　　　　　　　　　　　(NY Bar No. 5636337)
　　　　　　　　　　　　　　　　　　　　　　*Trial Attorney*
　　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　　　1100 L Street, NW
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 616-8188
　　　　　　　　　　　　　　　　　　　　　　Email: alexander.w.resar@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*