IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWYNNE A. WILCOX,<br>　　　　　*Plaintiff*,<br><br>　　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>　　and<br><br>MARVIN E. KAPLAN, in his official capacity as Chairman of the National Labor Relations Board,<br>　　　　　*Defendants*. | Case No. 1:25-cv-00334-BAH |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

　　This Court should deny the government's motion because it satisfies none of the requirements for a stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). The Court's memorandum opinion, issued yesterday, makes clear why the government is unlikely to succeed on the merits. To meet that standard, "[i]t is not enough that the chance of success" is "better than negligible." *Id*. The likelihood must be "substantial[.]" *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). But, far from showing a substantial likelihood of success, the defendants' position is "flat wrong" under binding Supreme Court precedent. ECF 35 at 5. As this Court explained, "*Humphrey's Executor* and its progeny control the outcome of this case and require that plaintiff be permitted to continue her role as Board member." *Id.* at 36.

　　The D.C. Circuit's grant of a stay in *Dellinger v. Bessent* does not affect this conclusion. Because the Office of Special Counsel is a rare single-head agency, the Court in *Dellinger* did not rely on *Humphrey's Executor* to sustain the removal limit at issue there. Mem. Op. at 35 n.16, *Dellinger v. Bessent*, No. 25-0385 (D.D.C. March 1, 2025). In contrast, the merits analysis in this

case is more straightforward under existing precedent. Because the NLRB is a traditional multi-member board, *Humphrey's Executor* controls and dictates that Ms. Wilcox is entitled to prevail on the merits. *See Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 207 (2020).

The government's failure to show a substantial likelihood of success is itself "an arguably fatal flaw for a stay application." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 904 F.3d 1014, 1019 (D.C. Cir. 2018) (per curiam). But, as this Court's opinion makes clear, the government also fails to meet any of the other stay factors. The President cannot claim to be irreparably injured by his inability to violate a statute whose constitutionality is "dictated by binding precedent." ECF 35 at 35. On the other hand, a stay would substantially injure both Ms. Wilcox and the public interest. "Without a functioning NLRB," the Court explained, "unfair labor practices go unchallenged, union elections go unrecognized, and pending labor disputes go unreviewed." *Id.* at 34. This Court should deny the government's requested stay.

Dated: March 7, 2025

Respectfully submitted,

*/s/ Deepak Gupta*

Deepak Gupta (D.C. Bar No. 495451)
Matthew W.H. Wessler (D.C. Bar No. 985241)
Gregory A. Beck (D.C. Bar No. 494479)
GUPTA WESSLER LLP
2001 K Street, NW
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett*
GUPTA WESSLER LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

* admitted *pro hac vice*

*Attorneys for Plaintiff Gwynne A. Wilcox*