UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWYNNE A. WILCOX,<br><br>                Plaintiff,<br><br>      v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States*<br><br>and<br><br>MARVIN E. KAPLAN, *in his official capacity as Chairman of the National Labor Relations Board*,<br><br>                Defendants. | Civil Action No. 25-cv-334<br><br>Judge Beryl A. Howell |

## ORDER

Yesterday evening, Friday, March 7, 2025, defendants President Donald J. Trump and Marvin E. Kaplan filed a motion to stay pending appeal this Court's judgment, entered on March 6, 2025, granting plaintiff Gwynne A. Wilcox's motion for summary judgment and denying defendants' cross motion for summary judgment. *See* Defs.' Mot. to Stay ("Defs.' Mot."), ECF No. 39. This Court declared—as defendants conceded—that the President's termination of plaintiff was unlawful, in violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 153(a), and therefore null and void. Order at 1, ECF No. 34. In addition, this Court ordered that plaintiff remains a duly appointed member of the National Labor Relations Board ("NLRB") and enjoined the current NLRB Chair, defendant Kaplan, from "in any way treating plaintiff as having been removed from office, from impeding in any way her ability to fulfill her duties as a member of the NLRB, and from denying or obstructing her authority or access to any benefits or

resources of her office," including by failing to "provide plaintiff with access to the necessary government facilities and equipment so that she may carry out her duties during her term as a member of the NLRB." *Id.* at 2. Plaintiff promptly opposed defendants' motion for a stay. *See* Pl.'s Opp'n, ECF No. 40. For the reasons explained below, defendants' motion to stay this Court's Order is **DENIED**.

Whether a stay is appropriate depends on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the traditional standard are the most critical," *id.*, and the showing of likelihood of success must be "substantial," *Citizens for Resp. & Ethics in Washington ("CREW") v. Fed. Election Comm'n*, 904 F.3d 1014, 1018 (D.C. Cir. 2018).

For all of the reasons explained in this Court's Memorandum Opinion, defendants have not made the requisite showing that they are likely to succeed on the merits. *See* Mem. Op. at 10-29, ECF No. 35. Defendants have conceded that the President violated the NLRA (29 U.S.C. § 153(a)) when removing plaintiff from her presidentially appointed, Senate-confirmed position as a member of the NLRB, without complying with the statutory procedural and for-cause requirements for such removal, *see id.* at 5, and their constitutional challenge to that statute is foreclosed by binding precedent, *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), *see* Mem. Op. at 10-11. Defendants' reliance on case law pertaining to offices led by single directors instead of multimember boards, with staggered terms, thereby made accountable to the President through exercise of his appointment power—plus, at the NLRB, his at-will removal

and appointment power over the General Counsel who has investigatory and prosecutorial powers—is exemplary of how their argument is unsupported by existing doctrine. *See* Defs.' Mot. at 2 (citing *Collins v. Yellen*, 594 U.S. 220 (2021), *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197 (2020), and *Dellinger v. Bessent*, No. 25-5052, 2025 WL 559669, at *14 (D.C. Cir. Feb. 15, 2025) (Katsas, J. dissenting)). To be sure, defendants are intent on urging the Supreme Court to overrule *Humphrey's Executor*, Defs.' Cross Mot. for Summ. J. & Opp'n to Pl.'s Mot. for Summ. J. at 8 n.2, ECF No. 23; but that aspiration is just that, and the essence of the rule of law is that this Court may not anticipate changes to legal precedent that have not yet transpired. *See Nat'l Sec. Archive v. CIA*, 104 F.4th 267, 272 n.1 (D.C. Cir. 2024) ("This court is charged with following case law that directly controls a particular issue, 'leaving to [the Supreme] Court the prerogative of overruling its own decisions.'" (alterations in original) (quoting *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023))); *Meta Platforms, Inc. v. FTC*, 723 F. Supp. 3d 64, 71-72 (D.D.C. 2024) ("To give existing precedent anything less than its full due based on speculation about what the Supreme Court might someday hold would exceed the authority of this Court, would inject grave uncertainty in the legal landscape, and would undermine the rule of law.").

Defendants' failure to show likelihood of success is "an arguably fatal flaw for a stay application," *CREW*, 904 F.3d at 1019, but defendants also fail to satisfy the other factors. Defendants do not describe any cognizable harm they will experience without a stay, let alone an irreparable one. *See* Defs.' Mot. at 3; *see also* Mem. Op. at 34-35 (noting the President can exercise control over the NLRB in ways other than removing plaintiff). Plaintiff and the public, on the other hand, experience harm every day that she is not able to fulfill her statutory role and the NLRB is thus unable to function. *See* Mem. Op. at 33-35.

Finally, as plaintiff correctly notes, contrary to defendants' suggestion, the D.C. Circuit's grant of an emergency stay pending appeal in *Dellinger v. Bessent*, No. 25-5052, Dkt. 2104160 (D.C. Cir. Mar. 5, 2025), is not dispositive here. That case involves "a rare single-head agency," Pl.'s Opp'n at 1, and thus is not as directly controlled by *Humphrey's Executor* as is this case.

Accordingly, it is hereby--

**ORDERED** that defendants' motion to stay the judgment pending appeal, ECF No.39, is **DENIED**.

**SO ORDERED**.

Date:  March 8, 2025

*This is a final and appealable order.*

_____
**BERYL A. HOWELL**
United States District Judge